UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| Morgan Stanley, ) | |
| ) | |
| ) | CIVIL ACTION FILE NO. |
| Plaintiff, ) | |
| ) | _____ |
| v. ) | |
| ) | |
| Nirav Babu, ) | |
| 2518 Moores Blvd. ) | |
| Upper Marlboro, Maryland 20774 ) | |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND PETITION TO COMPEL ARBITRATION

COMES NOW, Plaintiff Morgan Stanley, by and through counsel, and files its Complaint and Petition to Issue Order to Show Cause To Compel Arbitration, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* Morgan Stanley further requests that this Court order that Defendant Nirav Babu ("Babu") pay all costs and fees in connection with the filing of the instant petition.

## PARTIES

1.     Morgan Stanley is a limited liability company incorporated in the state of Delaware with its principal place of business in New York.

2.     Defendant Nirav Babu is a resident of Prince George's County, Maryland and resides at 2518 Moores Blvd. in Upper Marlboro, where he may be served with process.

## JURISDICTION

3.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.[1]

## VENUE

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).  Babu is the only defendant in this matter and is a resident of the state of Maryland.

## FACTS

5.     On May 5, 2018, former Morgan Stanley customers Darrell S. Newcomb and Karen R. Newcomb filed an arbitration against Morgan Stanley under the rules of the Financial Industry Regulatory Authority (the "FINRA Action") alleging that a former employee of Morgan Stanley, Sumitro Pal, improperly convinced the Newcombs to wire $4 million to a Wells Fargo account owned by an entity known as "DH Investments LLC."

6.     On August 8, 2018, Morgan Stanley filed an answer denying any wrongdoing.  The answer included a third-party complaint against Nirav Babu, who owned and controlled the DH Investments LLC account.  Morgan Stanley brought claims for indemnity and contribution against Babu based on the argument that, to the extent the money was misappropriated, it was misappropriated by Babu (who, as owner of the DH Investments LLC account, received and used

---

[1] On August 8, 2018, Morgan Stanley filed a third-party statement of claim against Nirav Babu in FINRA arbitration, FINRA DR No. 18-01715, seeking contribution and indemnity for Babu's role in the misappropriation of $4 million from the accounts of two Morgan Stanley customers.  Morgan Stanley's damages, therefore, amount to $4 million—well over the $75,000 jurisdictional minimum established by 28 U.S.C. § 1332.

NY 247899027v1

the $4 million) and not Morgan Stanley (who had no reason to believe that the transfer was illegitimate because it was fully authorized by the Newcombs).

7.     Babu, in addition to owning the DH Investments LLC account at Wells Fargo, was also a customer of Morgan Stanley.

8.     To open his accounts at Morgan Stanley, Babu had to sign customer agreements. In total, he signed at least five separate account agreements which contained identical mandatory arbitration provisions.[2]

9.     In particular, Paragraph 8 or Paragraph 15 (depending on the agreement at issue) of these Customer Agreements, titled "Arbitration," provides:

> **You agree that all claims or controversies**, whether such claims or controversies arose prior, on or subsequent to the date hereof, **between you and [Morgan Stanley]** and/or any of its present or former officers, directors, or employees **concerning or arising from**: (i) any accounts maintained by you with MSSB individually or jointly with others in any capacity; (ii) **any transaction involving MSSB** or any predecessor or successor firms by merger, acquisition or other business combination and you, **whether or not such transaction occurred in such account or accounts . . . shall be determined by arbitration** before, and only before, any self-regulatory organization or exchange of which [Morgan Stanley] is a member."

10.     Instead of submitting to FINRA arbitration, as was required by the Client Agreements, counsel for Babu, in four separate letters written between October 22, 2018 and November 13, 2018, requested that FINRA dismiss the case.  The letters presented several arguments, but completely failed to address the clear language of the Customer Agreements, which negate Babu's arguments.

---

[2] There are no agreements which cancel, supersede, or otherwise replace these arbitration provisions.

11.     On November 20, 2018, counsel for Morgan Stanley responded to the Babu letters by noting that Babu had not referenced the plain language of his Customer Agreements, which require him to arbitrate the dispute. The fact that he did not sign a joint agreement with the Newcombs is completely irrelevant.

12.     On January 4, 2019, FINRA issued an order preliminarily declining arbitral jurisdiction, but noting that it would exercise jurisdiction if there was a "court order compelling [Babu's] submission."

## COUNT I
## PETITION TO COMPEL ARBITRATION
## PURSUANT TO 9 U.S.C. § 4 of the FAA

13.     Plaintiff repeats and realleges paragraphs 1 through 12 as if fully stated herein.

14.     Babu's refusal to arbitrate is not only a breach of the Arbitration provisions of his Customer Agreements but also gives rise to instant petition pursuant to 9 U.S.C. § 4 of the FAA.

15.     Section 4 of the FAA states:

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

16.     Morgan Stanley's Third-Party Statement of Claim in the FINRA Action alleges that Babu should be held liable either under contribution or indemnification for his role, as owner of the DH Investments LLC account, in misappropriating funds that were sent to him by the Newcombs.

4

17.     All of Morgan Stanley's claims in the FINRA Action fall within the terms of the Arbitration Provision because the clause encompasses a "transaction involving MSSB . . . whether or not such transaction occurred in [Mr. Babu's accounts.]"

18.     Babu has refused to submit to FINRA arbitration despite a clear obligation to do so.

19.     This Court should compel Babu to submit to arbitration for all of Morgan Stanley's claims in the FINRA Action, along with any other claims Morgan Stanley brings that fall within the ambit of the Arbitration Provisions.

## COUNT II
## AWARD OF ATTORNEY FEES

20.     Plaintiff repeats and realleges the paragraphs 1 through 19 as if fully stated herein.

21.     As outlined above, Babu should have submitted to arbitration pursuant to the clear terms of the Arbitration Provision in the Customer Agreements, and Babu's refusal to do so is in clear breach of the Arbitration Provision.

22.     As a result of Babu's bad faith insistence on refusing to arbitrate Morgan Stanley's claims, Morgan Stanley has been forced to file this otherwise unnecessary action and continues to suffer damages in the form of attorney's fees, costs, and disruption to business operations, among other things.

23.     Morgan Stanley requests that this Court order award attorney fees and costs to Morgan Stanley for having to prepare this Petition.

WHEREFORE, Morgan Stanley respectfully requests that this Court enter an order directing:

A.     Babu to submit to arbitration in the FINRA action;

5

B.      Awarding attorney's fees and costs for Defendant's stubborn refusal to submit to arbitration; and

C.      Awarding such other or further relief as the Court deems just and proper.

NY 247899027v1

Dated this __19__ day of February, 2019.

Respectfully submitted by:

Timothy C. Bass (MD Federal Bar No. 17336)
GREENBERG TRAURIG, LLP
1750 Tysons Blvd., Suite 1000
McLean, Virginia 22102
Tel.: (703) 749-1300
Fax: (703) 749-1301
basst@gtlaw.com

William D. Briendel
Daniel J. Gomez
MetLife Building
200 Park Avenue, 15th Floor
New York, NY  10166
Tel:  212.801.6541
Fax: 212.224.6104

*Attorneys for Plaintiff*

7